## HOME MANUFACTURING COMPANY

### v.

### GEORGE GOUGH ET AL.

1. EXECUTORY CONTRACT—BOND FOR A DEED—REMEDIES.—A contract for the sale of land, a bond being given for a deed, is an executory contract; the fee remaining in the vendor as security for payment of the purchase money, and after demand of payment and refusal, the vendor may treat the contract as rescinded, and recover the possession by an action of ejectment, or he may sue for specific performance.

2. RELATION OF VENDOR AND VENDEE.—In equity the vendor as to the land, becomes a trustee for the vendee, and a vendee as to the purchase money, is a trustee for the vendor. The vendee after payment or tender of the purchase money, may compel the vendor to convey according to the contract; and on the other hand the vendor may compel a specific performance and pay ment of the money. In equity the remedy is mutual.

3. WHEN SPECIFIC PERFORMANCE SHOULD BE COMPELLED.—In all cases where the contract is free from fraud, oppression or other defect, courts of equity have enforced the specific performance of the contract, and the court erred in refusing so to do in this case.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for plaintiff in error; that a specific performance should have been decreed, cited Story's Eq. Jur. §§ 790, 1231.

The defendant is estopped from denying that there is a lien to secure payment of the Malinda note: Tresevant v. Bettis, 10 Cent. Law Jour. 221; Campbell v. Campbell, 3 Head, 328; Walls v. Ward, 3 Swan, 648; Atlantic Dock Co. v. Leavett, 54 N. Y. 35; Brown v. Ricketts, 3 Johns. Ch. 553; Bigelow on Estoppel, 259, 503.

Messrs. KETCHUM & TAYLOR, for defendants in error.

HIGBEE, P. J. The substantial facts, as disclosed by the record in this case, are, that on the 11th day of December, 1867, the plaintiff in error, a corporation, executed and delivered to defendant Gough a bond for a deed to a town lot, conditioned that if Gough would pay to plaintiff in error his due bill of that date for $500, payable to said plaintiff in error, and also pay to defendant Malinda a certain note for $1,000, given to him by said Gough, November 7, 1867, payable one year after date, on which note plaintiff in error was security for said Gough, then plaintiff would convey to Gough said lot. Defendant Gough, at the time said bond was executed, went into possession of said lot, and has continued there ever since. The note to Malinda was given for money borrowed of him by Gough and used in building a house on the lot sold him by plaintiff in error. Some payments had been made on this note before the bill was filed, but a part of the money still remaining unpaid on this note, and nothing having been paid on the due bill plaintiff in error files this bill for a specific performance of the contract, asking the court to find the amount due on both said note and due bill, and subject the premises to sale for the payment of the same. The answer of defendant Gough admits the making the bond as stated, the giving the notes and taking possession of the premises, but insists that the notes were paid by services rendered by him to complainant under a special contract. Malinda was made a party defendant and defaulted, and on the final hearing of the

cause, the court by its decree found the facts above stated, and that there was due to complainant on the due bill $983.32, and to Malinda on his note $442.21; and ordered the amount due complainant to be paid, with costs, within forty-five days, or, in default of payment, that the master in chancery sell the premises. That as to the sum of $442.21, due to Malinda, complainant is entitled to no relief. Orders that from the proceeds of the sale the master pay, first, the costs; second, the sum due complainant with interest; third, the balance (if any) to defendant Gough.

Complainant excepted to the decree, and now assigns for error the ruling of the court in refusing the relief asked in reference to the sum due on the Malinda note.

The evidence fails to show that defendant Gough had paid these notes, or either of them, by his services as claimed in his answer, and we think the court correctly found and stated the amount due on each. It only remains then, to determine the relief to which complainant is entitled.

The contract is executory, the fee remaining in the vendor, as a security for the payment of the purchase money, and after demand of payment and refusal by vendee, the vendor may treat the contract as rescinded, and recover the possession by an action of ejectment, or he may resort to a court of equity for a specific performance of the contract. In equity, the vendor, as to the land, becomes a trustee for the vendee, and the vendee, as to the purchase money, a trustee for the vendor. Story's Equity Jurisprudence, sec. 789.

The vendee, after the payment or tender of the purchase money, may come into a court of equity to compel the vendor to convey the premises, according to the terms of his contract. On the other hand, the vendor may come into a court of equity for a specific performance of the contract on the other side, and to have the money paid; for in cases of specific performance the remedy is mutual.

At the instance of the vendor, the court may decree that the vendee pay the purchase money, or that he surrender up the possession, or that the land be sold for the payment of the sum found due. Guided by these principles, it does not seem that

there should be much difficulty in fixing the rights of the parties under this contract. Courts are not to make contracts for the parties, but simply to cause them to be executed according to the intention of the parties.

The complainant had agreed that upon Gough paying it $500 and the note which Malinda held against Gough, and upon which complainant was security, that it would convey to him the land; and Gough agreed, on his part, that he would make these payments in consideration of the conveyance.

Complainant holds the legal title as its security, and cannot be compelled to part with it until the terms of the purchase are complied with. But it is urged by defendant Gough that the note to Malinda was given for borrowed money, and not as a part of the purchase money, and that in any event the taking personal security by Malinda waived his right to a lien upon the premises.

Where the vendor has parted with his title and seeks to charge the property conveyed with a vendor's lien this defense would be deemed sufficient, but that is not this case. Here the contract is executory. Gough agreed to pay both these notes as the consideration for a conveyance, complainant to retain the legal title as a security for the performance of his agreement. Complainant was security on the Malinda note and interested in its payment, and equity will not permit Gough to retain the property and refuse to comply with the terms upon which he received it.

In all such cases, when the contract is free from fraud, oppression, or other defect, courts of equity have enforced the specific performance of the contract, and we think the court erred in refusing to do so in this case. The decree is therefore reversed and the cause remanded, with directions to the court to enter a decree requiring complainant to execute to Gough a deed according to the terms of the contract, and place it in the hands of the master in chancery. That Gough pay all costs and the amount found due both to complainant and Malinda, and that upon the payment to Malinda he surrender up to Gough his note, to be canceled, and that upon the payment of the sums found due, both to complainant and Malinda, and all costs, the

master deliver to Gough the deed. If these sums and costs are not paid within a time to be fixed by the court, then the premises to be sold and the proceeds applied, first, to the payment of all costs; second, the amount due to both complainant and Malinda, and third, the residue (if any) to defendant Gough.

Reversed and remanded.